NOT DESIGNATED FOR PUBLICATION

No. 120,014

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

DOMINIQUE LA VELLE OATIS,
*Appellant*.

MEMORANDUM OPINION

Appeal from Douglas District Court; PEGGY C. KITTEL, judge. Opinion filed September 6, 2019.
Affirmed.

*Peter Maharry*, of Kansas Appellate Defender Office, for appellant.

*Madeline Bjorklun*, legal intern*, Kate Duncan Butler*, assistant district attorney, *Charles E. Branson*, district attorney, and *Derek Schmidt*, attorney general, for appellee.

Before POWELL, P.J., GARDNER, J., and LAHEY, S.J.

PER CURIAM:  Dominique La Velle Oatis appeals the district court's finding that he absconded from supervision while on probation. Based on that finding, the district court revoked Oatis' probation and ordered him to serve his underlying sentence without first serving an intermediate sanction. Oatis argues that the State presented insufficient evidence that he absconded so we should remand for a new probation hearing. But we find substantial evidence supporting the district court's ruling and affirm.

1

*Factual and Procedural Background*

In April 2011, the State charged Oatis with burglary and misdemeanor theft. Oatis entered a no contest plea to conspiracy to commit burglary. In February 2012, the district court sentenced Oatis to 12 months in prison and 12 months' postrelease supervision but granted Oatis 12 months' supervised probation.

At the sentencing hearing, the district court told Oatis the conditions of his probation, stating:

> "The conditions of your probation are as follows: That you follow all federal, state, and local laws and ordinances. You're to report to your probation officer as they request and you are to allow them to visit you at home and elsewhere. You're not to leave the state of Kansas unless you have their written permission.
>
> . . . .
>
> "You are to keep your probation officer informed of where you're residing. And if you move or change phone numbers, you are to let them know within seven days."

In September 2012, Oatis' court services officer (CSO) filed an affidavit alleging that Oatis had failed to report since being placed on probation, had failed to make payment on his court costs and restitution, and had failed to complete any hours of community service. A week later, the district court ordered a bench warrant.

In May 2018, five and a half years later, Oatis was arrested in Illinois and was served with the Kansas warrant. During his first appearance hearing on the warrant, when the district court asked Oatis what city he lived in the last few years, Oatis responded, "I've lived in Illinois. I recently moved back in December." The district court and Oatis did not further discuss Oatis' movements after he left Kansas.

2

Soon thereafter, the CSO filed an amended affidavit adding that Oatis had failed to notify the CSO of a change in address and had left the state without permission. The parties agreed to delay a pending extradition for a hearing on Oatis' probation revocation.

In June 2018, at the probation violation hearing, the CSO testified about his knowledge of Oatis' probation. Just after the sentencing hearing, Oatis reported to his office and completed the questionnaire for new probationers. In that meeting, Oatis provided the CSO with a local Kansas cell phone number and a local Kansas address. That was the only time Oatis reported as required. Oatis tried to call the CSO twice in 2012, but the CSO's phone did not have Caller ID at the time, so he could not determine what number Oatis was calling from. The CSO called the number Oatis had earlier provided and left detailed voicemails, explaining to Oatis the importance of getting in contact with him to schedule an appointment. But Oatis never responded. The CSO's last call to Oatis was in March 2012, and he did not hear from Oatis after that date. From Oatis' testimony at his first appearance hearing on the warrant, the CSO learned that Oatis was living in Illinois and that Oatis had been charged with crimes in Illinois.

Oatis testified that he had made two phone calls to the CSO but could not reach him. He did not recall receiving messages from the CSO. Oatis moved to Illinois with his family and admitted that he did not discuss with his CSO his plans to leave Kansas. He had never used a different name or a false ID to avoid officers. When he received a ticket in Illinois for not having proof of insurance, the officer had not told him about any outstanding warrants. Oatis understood that he was on probation. But when asked about his knowledge of his probation obligations as explained to him by the court at sentencing, Oatis stated that his obligation was merely to "stay out of trouble."

The State asked the district court to find that Oatis was an absconder, which would permit the court to order Oatis to serve his underlying sentence without serving an intermediate sanction. K.S.A. 2018 Supp. 22-3716(c) requires the district court to give a

3

probationer intermediate sanctions before ordering the probationer to serve his or her underlying sentence. But if the district court finds that the probationer has absconded from supervision, the district court may immediately order the probationer to serve his or her underlying sentence. K.S.A. 2018 Supp. 22-3716(c)(8)(B). Conversely, Oatis requested an intermediate sanction, asserting that he was not an absconder because the State had presented no evidence that he actively hid from the police.

This district court specifically found that Oatis was an absconder, stating:

"All indications are in January of 2012, he was a [local resident] living with his mother. This court believes that he purposely chose not to comply with the conditions of his probation, never reported on this probation, moved out of state, making it difficult to apprehend him or respond to any notice since he didn't keep the probation office apprised of where he was residing. He did not have permission to leave the state. I do consider that this–his actions in these two cases is absconding. Basically, he was put on probation and he disappeared.

"So I find he has absconded. . . .

"And the court notes, additionally, in this Presentence Investigation defendant's criminal history is laid out and he has had—he had extensive contact in juvenile court. And this is not the first time he has had contact with the criminal justice system. His testimony that he did not know he had these requirements does not ring true with this court."

Thus, the district court revoked his probation and ordered Oatis to serve his underlying sentence. The journal entry confirms that the district court revoked Oatis' probation pursuant to K.S.A. 22-3716(c)(8)(B) because Oatis had absconded. Oatis timely appeals.

4

*Does Sufficient Evidence Support the District Court's Finding that Oatis Absconded*?

Oatis argues that no facts support the district court's finding that he had absconded, so the district court was required to impose intermediate sanctions.

*Standard of Review*

Although Oatis argues the standard of review ought to be unlimited, Oatis does not contend that the district court incorrectly interpreted K.S.A. 2018 Supp. 22-3716(c)(8)(B) or the legal standard set by *State v. Dooley*, 308 Kan. 641, Syl. ¶ 4, 423 P.3d 469 (2018) (defining "absconder"). Instead, Oatis solely argues that the district court did not have an evidentiary basis to prove that Oatis was an absconder.

Under these circumstances, we apply the substantial competent evidence standard. To invoke the absconder bypass of K.S.A. 2018 Supp. 22-3716(c)(8)(B), the State has the burden to prove by a preponderance of the evidence that a probationer absconded. *Dooley*, 308 Kan. at 657; *State v. Huckey*, 51 Kan. App. 2d 451, 457, 348 P.3d 997 (2015). The district court must base its finding that a probation violator absconded on substantial competent evidence. Substantial evidence means legal and relevant evidence that a reasonable person would find adequate to support a conclusion. *State v. Gray*, 270 Kan. 793, 796, 18 P.3d 962 (2001). "This court normally gives great deference to the factual findings of the district court. The appellate court does not reweigh evidence, assess the credibility of witnesses, or resolve conflicts in evidence. [Citations omitted.]" *State v. Talkington*, 301 Kan. 453, 461, 345 P.3d 258 (2015).

*Analysis*

Recently, the Kansas Supreme Court settled what "absconds from supervision" means. *Dooley*, 308 Kan. at 657. Absconding means than an offender engaged in a course

5

of action or inaction to avoid supervision with the intent to hide from or otherwise evade the legal process. 308 Kan. at 656-58.

> "We are persuaded to adopt that concept with respect to the phrase 'absconds from supervision' in K.S.A. 2013 Supp. 22-3716(c)(8). Relying on ordinary dictionary meanings, the State must show that the probation violator engaged in some course of action (or inaction) with the conscious intent to hide from or otherwise evade the legal process. 345 Or. at 33. Evading the legal process of the court includes the offender's conduct in intentionally avoiding probation supervision, for example, by intentionally avoiding detection by one's probation officer. In determining whether an offender has 'abscond[ed] from supervision,' district courts must consider whether the offender's "'acts show the intent that inheres in the definitions of "abscond"—not simply that the [offender] failed to attend one meeting with a probation officer or could not be located for a brief period of time, but that the [offender] sought to "evade the legal process of a court by hiding within or secretly leaving the jurisdiction."' 345 Or. at 36 (quoting Webster's Third New Int'l Dictionary 6)." *Dooley*, 308 Kan. at 657.

We apply this definition here.

First, it is undisputed that the evidence shows Oatis failed to report during probation for over five years. He had no contact with his CSO during that time. And he was well aware of the following probation requirements:

- that he report to his probation officer as requested;
- that he allow his probation officer to visit him at home and elsewhere;
- that he not to leave the state of Kansas unless he had his probation officer's written permission;
- that he keep his probation officer informed of where he was residing;
- that if he moved or changed phone numbers, he let his probation officer know within seven days.

Oatis claims that he did not understand these duties and thought his only duty was to "stay out of trouble." But the district court plainly told Oatis at his sentencing hearing what was expected of him while he was on probation. And after the probation revocation hearing, the district court expressly discredited Oatis' testimony about his ignorance of his probation conditions. We do not second guess that credibility finding on appeal. See *Talkington*, 301 Kan. at 461.

Second, Oatis' acts show the intent that inheres in the definitions of "abscond"— not simply that Oatis failed to attend one meeting with a probation officer or could not be located for a brief period of time. See *Dooley*, 308 Kan. at 657. Even if Oatis tried to contact the CSO twice by phone, the evidence shows that he did not further try to notify the CSO that he intended to leave the state. Nothing in the record suggests that Oatis tried to obtain written permission from his CSO to do so. Instead, the evidence shows that after two phone calls, Oatis left the state and did not try to contact the CSO. Then for over five years, Oatis made no attempt to contact his probation officer. He purposely chose to evade the legal process of the district court by secretly leaving the jurisdiction. See 308 Kan. at 657.

Based on the evidence, a reasonable person could conclude that Oatis did more than just fail to report. See *State v. Anhorn*, No. 111,903, 2015 WL 3632493, at *3 (Kan. App. 2015) (unpublished opinion) (failing to report for three months, leaving the state without telling the probation officer or providing a forwarding address, and being arrested out of state provides substantial evidence that a probationer departed secretly and thus absconded using the *Huckey* standard). Oatis' secret move to Illinois and his consistent flouting of the conditions of his probation for over five years show his intent to evade the legal process. Thus, we find substantial competent evidence supporting the district court's finding that Oatis absconded.

Affirmed.

7